Warren E. Gluck
Judith R. Nemsick
Sheila (Qian) Shen
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Phone:  (212) 513-3200
Fax:  (212) 385-9010
warren.gluck@hklaw.com
judith.nemsick@hklaw.com
qian.shen@hklaw.com
*Attorneys for Applicants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Application of<br><br>THE MEHTA INTERNATIONAL LIMITED and A.B.M. INVESTMENT COMPANY LIMITED,<br><br>REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Civil Action No. 18-Misc. _____ |

## ***EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

COMES NOW Applicants The Mehta International Limited ("Mehta International") and A.B.M. Investment Company Limited ("A.B.M.") (together, "Applicants"), by and through their undersigned counsel, Holland & Knight LLP, and applies for an *ex parte* Order pursuant to 28 U.S.C. § 1782 to obtain discovery in the form of subpoenas to be served on certain banks and professional service providers found within the Southern District of New York (this "District"), and for the production of relevant documents that are believed to be located in the District in the possession, custody, and/or control of: Bank of America N.A.; Bank of China; The Bank of New York Mellon; Barclays Bank PLC; BNP Paribas; Citibank N.A.; Commerzbank AG; Credit Agricole CIB; Deutsche Bank Trust Company Americas; HSBC Bank (USA) N.A.;

1

JPMorgan Chase Bank, N.A.; Societe Generale; Standard Chartered Bank; and UBS AG (collectively, the "New York Banks"), for use in reasonably contemplated foreign proceedings, as fully set forth in this Application, the Declaration of Beverly Mathias, dated August 29, 2018 and the exhibits thereto, the Declaration of Kim White, dated August 29, 2018, the Declaration of Warren E. Gluck, dated August 29, 2018 and the exhibits thereto, and the Memorandum of Law, submitted contemporaneously with this Application.

Pursuant to 28 U.S.C. § 1782, the Court may grant discovery in the United States to an applicant for use in a reasonably contemplated foreign proceeding if (i) the applicants are interested parties to the contemplated foreign proceeding, and (ii) if the information sought is located within the judicial district. Because this Application satisfies Section 1782's statutory requirements and the U.S. Supreme Court's discretionary factors, the requested discovery should be granted.

## JURISDICTION AND VENUE

Jurisdiction is proper pursuant to 28 U.S.C. § 1782, as this Application is for discovery involving documents and information located within this District, which discovery is relevant and important to assist Applicants in their reasonably contemplated foreign proceedings and does not impose a burden or hardship upon the New York Banks located in this District.

At all material times herein, Mehta International and A.B.M. were each foreign business entities organized and existing under the laws of Bermuda. Mehta International and A.B.M. are each registered to do business in Bermuda, and have appointed Argonaut Ltd. ("Argonaut") as their resident agent pursuant to the Companies Act 1981 of Bermuda. The facts and events relevant to the contemplated foreign proceeding arose in Bermuda.

Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. § 1782 because the discovery is being sought from corporations (the "New York Banks") found within this District and the information or documents sought are located in this jurisdiction. *See* Declaration of Warren E. Gluck ("Gluck Dec."), ¶¶ 11-12.

## CONTEMPLATED FOREIGN PROCEEDINGS

Applicants seek discovery with respect to documents located in the United States and in this District for use in the reasonably contemplated foreign proceeding against individuals and entities that perpetrated a wire fraud on Applicants between February 19, 2018 and April 12, 2018. Among others, the entities that may have been involved with the fraud include:

1. Delfai International General Trading FZE;
2. Tanesen Trade Limited;
3. Shenzhen Station Logistics Limited;
4. Cathaya Import and Export Co. Limited;
5. Kin Hong Trading Limited;
6. Maetop International Industrial Limited;
7. The individuals or entities who own bank accounts purportedly associated with each of the foregoing entities; and
8. Additional unknown individuals and entities (collectively, the "Fraud Beneficiaries").

Each of the above-referenced entities are purported beneficiaries of wire transfers from Applicants' Bermuda bank accounts to bank accounts in Hong Kong and the United Arab Emirates. The wire transfers were initiated by Applicant's agent, Argonaut, in response to a series

of fraudulent emails sent to Argonaut. Discovery is sought regarding these entities and their respective wire transfers.

## FACTS AND PROCEDURAL BACKGROUND

The facts giving rise to this Application are set forth in detail in the Declaration of Beverly Mathias, dated August 29, 2018, the Declaration of Kim White, dated August 29, 2018, and the Declaration of Warren E. Gluck, dated August 29, 2018. According to the Mathias and White Declarations, the dispute can be summarized briefly as follows:

Argonaut, as Bermuda resident representative for Mehta International and A.B.M., was responsible for, *inter alia*, making payments from Mehta International and A.B.M.'s Bermuda bank accounts to each entity's respective vendors when instructed to do so by their principals. Argonaut typically received emails from a director of Mehta International and the principal of A.B.M. with wire instructions including the amount to transfer, the beneficiary name, beneficiary bank information, and invoice number or memo for the transfer. The wire transfer instructions would also include a copy of any corresponding invoice, if available.

Between February 19, 2018 and April 12, 2018, Argonaut received eight fraudulent emails purportedly from Mehta International's director and A.B.M.'s principal instructing Argonaut to execute wire transfers to beneficiaries in Hong Kong and the United Arab Emirates. Each of these emails were formatted in the same manner as Mehta International and A.B.M.'s legitimate emails, and included the typical wire transfer instructions Argonaut received for legitimate wire transfers. Upon receipt, Argonaut executed each of the fraudulent wire transfers.

Only after the wire transfers were executed did Applicants become aware that these eight wire transfers were fraudulent. Applicants immediately notified Mehta International and A.B.M.'s Bermuda bank, which was the originator for all eight fraudulent wire transfers, and notified

4

Bermuda police. The Bermuda bank also notified Hong Kong police and an investigation is pending. Additionally, Applicants successfully petitioned the Hong Kong court for an *ex parte* injunction order to restrain the assets in the beneficiary bank accounts. To date, the Bermuda and Hong Kong investigations have not yet recovered the stolen funds.

Applicants contemplate bringing civil proceedings in Bermuda against those responsible for perpetrating the fraud, including claims for civil fraud and unjust enrichment to recover the stolen funds. These claims under Bermuda law are substantially similar to claims recognized under U.S. law. Applicants, however, need to discern the identify of those responsible for and benefitting from the fraud, as well as their location, and what happened to the money that was transferred pursuant to the fraudulent invoices via the requested discovery. Applicants also need to trace the wire transfers to aid in recovering the stolen funds.

## REQUEST FOR DISCOVERY ASSISTANCE

The New York Banks are participants in the Clearing House Interbank Payments System (CHIPS), which is the largest private-sector U.S. dollar funds-transfer system in the world. CHIPS participants generally keep electronic records of U.S. dollar fund transfers and are able to easily search and produce these records. In addition, the wire-transfer records should identify U.S. dollar wire-transfers where each of the entities suspected of participating in the fraud are listed as originators or beneficiaries, or are otherwise referenced therein. Seven of the eight fraudulent wire transfers were executed in U.S. dollars. *See* Declaration of Beverly R. Mathias, ¶¶ 9-19. Additionally, the United States headquarters of JPMorgan Chase, Citibank, and Bank of America, each located in this judicial district, are capable of accessing wire transfers denominated in Euros and Great Britain Pounds. Such wire-transfer records will help Applicants determine who were the actual and ultimate beneficiaries of the fraud and assist in the

recovery of the stolen funds. The requested discovery is particularly necessary given the Bermuda bank and police's inability to recover the stolen funds and their lack of access to the wire transfer records available in this District. Orders authorizing similar discovery in similar situations are routinely granted by this Court.

Applicants request that the Court provide discovery assistance with respect to the reasonably contemplated foreign proceedings. Applicants request that the New York Banks, each of which are found within District, be directed to provide discovery and as necessary discovery in response to further subpoenas based upon the information produced, specifically described below, for use in the contemplated foreign proceeding. As set forth in the accompanying memorandum of law in support of this *ex parte* application for discovery pursuant to 28 U.S.C. § 1782, assistance is appropriate here because: (i) each of the New York Banks "resides" at or is "found" in this district; (ii) the wire transfer records and other financial documents sought are maintained in New York; (iii) Applicants are each an "interested person" (as a party to the foreign proceedings); (iv) the foreign proceeding has been or will be commenced before a "foreign or international tribunal"; and (v) the information obtained will be for use in, and in support of, the foreign proceeding. Moreover, granting this Application will further the statute's twin goals of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign courts, by example, to provide similar means of assistance to our courts.

In summary, based on the reasons set forth in this Application, the Mathias Declaration and exhibits thereto, the White Declaration, the Gluck Declaration and exhibits thereto, and the Memorandum of Law, Applicants Mehta International and A.B.M. clearly meet the requirements of 28 U.S.C. § 1782, and this Application for the Order should be granted.

WHEREFORE, pursuant to 28 U.S.C. § 1782, Applicants request that this Court enter an Order:

1. Authorizing Applicants to issue and serve successive subpoenas on the New York Banks for the production of the following documents:

    A. For the period January 1, 2015 to the present, copies of all orders, instructions, or wire transfers received from a payor/transferor bank to a payee/transferee bank for the benefit or credit of, or with any reference to Delfai International General Trading FZE, Tanesen Trade Limited, Shenzhen Station Logistics Limited, Cathaya Import and Export Co. Limited, Kin Hong Trading Limited, or Maetop International Industrial Limited, or each of those purported entities' corresponding bank account numbers.

    B. For the period January 1, 2015 to the present, identify any accounts in the name of and/or held beneficially for Delfai International General Trading FZE, Tanesen Trade Limited, Shenzhen Station Logistics Limited, Cathaya Import and Export Co. Limited, Kin Hong Trading Limited, or Maetop International Industrial Limited, and provide the full records thereof, specifically including copies of present and historical account balance information, and records of incoming and outgoing payments.

    C. For the period January 1, 2015 to the present, provide the full records of the corresponding bank account numbers, specifically including copies of present and historical account balance information, and records of incoming and outgoing payments and wire transfers.

2. Directing the New York Banks to produce the documents requested in their respective subpoenas within twenty-one (21) days of service of the subpoena and as required under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

3. Directing the New York Banks to preserve documents and evidence, electronic or otherwise, in their possession, custody, or control that contain information potentially relevant to the subject matter of the Applicants' document requests.

4. Retaining jurisdiction over the matter for the purpose of enforcement and assessing any supplemental request for discovery assistance that may be requested by Applicants.

Dated: New York, New York
August 30, 2018

                         HOLLAND & KNIGHT LLP

                         By: /s Warren E. Gluck
                                Warren E. Gluck
                                Judith R. Nemsick
                                Sheila (Qian) Shen
                                31 West 52nd Street
                                New York, New York 10019
                                Phone: (212) 513-3200
                                Fax: (212) 385-9010
                                warren.gluck@hklaw.com
                                judith.nemsick@hklaw.com
                                qian.shen@hklaw.com
                                *Attorneys for Applicants*